IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-7-RLJ-HBG |
| BRENT TARTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Brent Tarter's Unopposed Motion to Continue the Trial and Extend All Pretrial Deadlines [Doc. 115], filed on October 4, 2021. The parties appeared before the undersigned on October 5, 2021, for a telephonic motion hearing and pretrial conference. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Gena Lewis represented Defendant Tarter, who was excused from the hearing.

Defendant Tarter asks the Court to continue the October 19 trial date and all pretrial deadlines, including the motion deadline and plea deadline. Defendant contends that counsel needs additional time to prepare and file pretrial motions and possibly to engage investigators and experts.[1] The motion relates that the Covid-19 pandemic and defense counsels' busy schedule

---

[1] The motion states that defense counsel "anticipates filing . . . requests for funding for investigative and expert services" [Doc. 115]. However, defense counsel is retained and, thus, Defendant's investigative and expert services will not be funded by the Court.

have affected defense counsels' ability to complete their investigation of the facts and law in this case.  Finally, Defendant requests additional time for the parties to engage in plea negotiations.  The motion states that the Government does not oppose the requested continuance.

During the telephonic hearing, Ms. Lewis relied on the reasons stated in the Defendant's motion.  She confirmed that Defendant Tarter waives his speedy trial rights in relation to his request for a continuance.  AUSA Davidson confirmed that the Government does not oppose the motion.

The Court finds Defendant's motion to continue the trial and pretrial deadlines to be unopposed by the Government and well-taken.  The Court finds that the ends of justice served by continuing the trial outweigh the interest of the Defendant and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  Defense counsel need additional time to complete their investigation of the case and to prepare and file pretrial motions.  The Court finds that continuing the trial date approximately four months is warranted to give defense counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).  Accordingly, the Court finds that a trial continuance is appropriate for defense counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Tarter's Unopposed Motion to Continue the Trial and Extend All Pretrial Deadlines [**Doc. 115**] is **GRANTED**, and the trial is reset to **February 15, 2022**.  The Court finds that all the time between the filing of the motion for a continuance on **October 4, 2021**, and the new trial date of **February 15, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  The Court also continued other dates and deadlines in this case, which are set out in detail below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Tarter's Unopposed Motion to Continue the Trial and Extend All Pretrial Deadlines [**Doc. 115**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 15, 2022**, **at 9:00 a.m.**, before the R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **October 4, 2021**, and the new trial date of **February 15, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reset to **November 5, 2022**. Responses to motions are due on or before **November 19, 2022**;

(5) The deadline for filing a plea agreement in the record is extended to **January 18, 2022**. This date is also the deadline for Defendant to provide reciprocal discovery to the Government;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 27, 2022, at 11:00 a.m.**;

(7) The Court instructs the parties that all motions *in limine* must be filed no later than **January 31, 2022**; and

(8) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4, are due on or before **February 4, 2022**.

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*
United States Magistrate Judge